UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO._____

SALEH ALI SANYYEN ALSHAAR and his wife,
MAHA SHABAN AHMAD ALFALOUGI;
MUSHTAQ HAKEEM JUMAAH and his wife,
GHAIDAA ABDULWAHID JUMAAH;
GHAIDAA SHAKIR MAHMOOD, individually
and as personal/legal representative of the ESTATE OF
MAJID FADIL DARWEESH and on behalf of his survivors; and
NADIA HAKEEM JUMAAH, individually
and as personal/legal representative of the ESTATE OF
MUSTAFA ABDULWAHID JUMAAH and on behalf of his survivors,

       Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,

       Defendant.

_____/

## **COMPLAINT**

    Plaintiffs sue Defendant and allege as follows:

### **JURISDICTION AND VENUE**

    1.  This is an action for compensatory and punitive damages pursuant to federal law. The amount in controversy is in excess of $5,000,000.00

    2.  This Court has subject matter jurisdiction over this case pursuant to 28 USC sections 1330, 1331, 1350 and 1605A.

    3.  This action is brought pursuant to the Terrorism Exception to the Foreign Sovereign Immunities Act.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

4.   Plaintiffs and Plaintiffs' decedents, all foreign citizens, were the victims of an improvised explosives device ("IED") attack in Iraq occurring on September 13, 2005.   Two Plaintiffs survived with serious personal injuries, and the two Plaintiffs' decedents died from their injuries in the attack.

5.   At the time of the attack they were all acting within the course and scope of their employment with Ronco Consulting Corporation, which was performing civilian security services under a contract awarded by the United States Government.

6.   The attack was carried out by members of an Iraqi insurgent group that was at all times material to the Complaint materially supported, directed, controlled, trained, equipped, enabled and otherwise sponsored by The Islamic Republic of Iran through its agents, including without limitation, its Ministry of Information and Security, its officers, employees and/or other agents, including without limitation the Mahdi Army and/or Al-Sadr Militia and/or others inside Iraq.

7.   This action is also and in the alternative brought pursuant to the Alien Tort Claims Act because the Plaintiffs and Plaintiffs' decedents are foreign citizens, and they are hereby asserting tort claims, to wit:  battery, wrongful death, and intentional infliction of emotional distress, all of which were committed in violation of a treaty of the United States, namely, the Geneva Convention and/or other international law and norms.

8.   Though occurring outside the United States, these alien tort claims touch and concern the territory of the United States because they arose in the course the execution or performance of the foreign policy of the United States in Iraq and in the course of the performance of a U.S. government contract there.

9.   Plaintiffs are all joined in this action because their claims all arise from the same transaction or occurrence, and they involve common questions of fact and law.

Page **2** of **10**
236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

10. Venue is proper in this action pursuant to 28 USC sections 1391(c)(3), and alternatively, venue may be sustained in this Court under 28 USC 1406(b).

## THE PARTIES

11. Plaintiff SALEH ALI SANYYEN ALSHAAR is a citizen of Jordan and is sui juris.  At all times material to the complaint, MAHA SHABAN AHMAD ALFALOUGI, who is also a citizen of Jordan and is sui juris, was his lawful wife.

12. Plaintiff MUSHTAQ HAKEEM JUMAAH[1] is a citizen of Iraq and is sui juris.   At all times material to the complaint, GHAIDAA ABDULWAHID JUMAAH, who is also a citizen of Iraq and is sui juris, was his lawful wife.

13. Plaintiff GHAIDAA SHAKIR MAHMOOD[2] is sui juris and a citizen of Iraq.  She is the widow and legal representative of the estate of her late husband, MAJID FADIL DARWEESH.[3] She brings this action on behalf of herself, her husband's estate and his survivors, including her and the decedent's son, Muhammed Baqir.

14. Plaintiff NADIA HAKEEM JUMAAH[4] is sui juris and a citizen of Iraq.  She is the widow and personal/legal representative of her late husband, MUSTAFA ABDULWAHID JUMAAH.[5] She brings this action on behalf of herself, her husband's estate and his survivors.

---

[1] In some documents related to this decedent or his employment, due to misspellings, was also known sometimes as MUSHTAG HAKEEM JUMAH, MUSHTAQ HAKEEM JUMAH, MUSHTAQ JUMA and/or similar variant.

[2] In some documents related to this widow Plaintiff, due to misspellings, she is also known as GHAIDA SHAKIR DARWISH, GAIDA DARWISH and/or similar variant.

[3] In some documents related to this decedent or his employment, due to misspellings,  he is also known sometimes MAJED FATHILL DARWISH and/or similar variant.

[4] In some documents related to this widow Plaintiff, due to misspellings, she is also known as NADIA HAKEEM JUMMA and/or similar variant.

[5] In some documents related to the decedent or his employment, due to misspellings,  he was also known sometimes as MUSTAPHA ABDUL WAHED JUMMA a/k/a MUSTAFA ABDULWAHED JUMAA and/or similar variant.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

15. Defendant ISLAMIC REPUBLIC OF IRAN is a foreign sovereign.   Said Defendant engaged at all times material to the complaint in terrorist activity in Iraq, and specifically in Al-Zubair, Basra, aimed at overthrowing the Iraqi government, ousting American forces, and attacking American troops, private contractors and their employees.   To that end, Defendant provided training, equipment and material support to insurgent groups in Iraq relative to the use of IEDs against Americans, private contractors and individuals working with the Americans.

## FACTS COMMON TO ALL CLAIMS

16. On September 13, 2005, the two surviving Plaintiffs and the two Plaintiffs' decedents were employed by Ronco Consulting Corporation as civilian security officers working in Iraq.

17. Said employment was pursuant to and/or in performance of a Ronco contract with the United States Department of State.

18. At about noon on September 13, 2005, in Al-Zubair, Basra, Iraq, the two surviving Plaintiffs and the two Plaintiffs' decedents, on official business, were returning to their compound in a multi car caravan.

19. An improvised explosive device ("IED") on the road exploded under their vehicle.  As a result, the two surviving Plaintiffs sustained serious personal injuries, and the two decedents ultimately died from their injuries from the explosion.

20. The IEDs were deployed by members of an Iraqi insurgent group.

21. Following the attack, one or more members of the caravan saw some of the insurgents who deployed and/or detonated the device, and the materials used in the device were inspected. Based on the same, and on the Plaintiffs' personal knowledge as to perpetrators of such attacks in the area, it is more likely than not that the Defendant was behind the attack and caused the Plaintiffs' damages.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

22. The Defendant indeed financially supported, materially supported and/or otherwise materially sponsored the Iraqi insurgency; it provided IED weapons training and materials to the Iraqi insurgents; and it enabling the insurgents to bring about the attack.

23. The Defendant was and is designated as a State Sponsor of Terrorism by the United States Department of State.

24. The Defendant, through its government officials, employees or agents acting within the scope of their office, employment and/or agency provided said material support and/or resources to and/or aided and abetted the insurgents who carried out the IED attack in this case, and as such, the Defendant is vicariously liable for the Plaintiff's damages.

25. There is a reasonable connection between the Defendant's material support to the Iraqi insurgents and the damages arising from the IED attack in this case.

## COUNT I: ALL PLAINTIFFS CLAIMS UNDER THE TERRORISM EXCEPTION TO THE FSIA

26. The allegations in paragraphs 1-6 and 9-25 are hereby incorporated by reference.

27. 28 USC section 1605A establishes subject matter jurisdiction for personal injury or wrongful death claims resulting from acts of state sponsored terrorism.

28. Plaintiffs have an express private right of action under 28 USC section 1605A(c).

29. This action has been filed within the time limitations set forth in section 1605A (b).

30. The Plaintiffs' damages in this case were caused by an "extrajudicial killing" and/or by "the provision of material support or resources for such an act" within the meaning of said provision.

31. The decedents and injured Plaintiffs were, at the time of the acts complained, individuals performing a contract awarded by the United States Government and acting within the scope of their employment within the meaning of 28 USC 1605A(a)(2)(A)(ii)(III).

Page **5** of **10**
236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

32. As a result of the Defendant's conduct, the attack occurred, the decedents were killed, and their estates and survivors have sustained damages, and the surviving Plaintiffs have suffered personal injuries and have sustained damages. The widows and the spouses of the two surviving Plaintiffs have also lost their husband's consortium.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for money damages, including economic damages, solatium, pain and suffering, punitive damages, compensatory damages, emotional distress damages, loss of consortium damages, interest, costs, and all other damages allowed by law.

### COUNT II: PLAINTIFFS ALSHAAR/ALFALOUGI AND MUSHTAQ/GHAIDAA JUMAAH'S CLAIMS UNDER THE ALIEN TORT CLAIMS ACT FOR BATTERY

33. The allegations in paragraphs 1, 2, 7-12, and 15-25 are hereby incorporated by reference.

34. 28 USC section 1350 affords a remedy when an alien brings an action for a tort committed in violation of the law of nations or a treaty of the United States.

35. Convention IV of the Geneva Convention, a treaty which was ratified by the United States and by Defendant prior to the incident in this case, affords civilians protection from attacks in war, combat and occupied zones, including where the civilian Plaintiffs were located during the attack.

36. The two surviving Plaintiffs were acting in their capacity as civilian security officers at the time they were attacked.

37. Through its support of the Iraqi insurgents, who Defendant knows use such support for roadside IED attacks including the attacks in this case, the Defendant by its conduct has violated the Geneva Convention and/or other international law and norms.

38. The attack in this case affected important national security interests of the United States in Iraq.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

39. The attack in this case was an intentional act, which was directed, controlled and/or aided and abetted by the Defendant. The act was carried out with willful and wanton disregard for human life and safety.

40. The attack in this case constitutes a harmful or offensive contact with the person of the Plaintiffs and/or with the vehicle that was connected to the Plaintiffs who were riding inside, such that same constitutes a battery.

41. As a result of the harmful or offensive contact, the Plaintiffs have suffered physical and mental pain and suffering, disfigurement, scarring, loss of the capacity for the enjoyment of life, disability, expenses for medical care, lost earnings and lost earning capacity.

42. Further, the surviving Plaintiffs' wives have lost their husband's consortium.

43. The Defendant is therefore is liable to Plaintiffs under the tort of battery, which battery is of a type that violates the Geneva Convention and/or other international law and norms and is a serious violation of international law because it was in the form of an attack on civilians in a combat or occupied zone.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant for compensatory and punitive damages, interest, costs and such further relief as is just and proper.

## COUNT III:  PLAINTIFFS GHAIDAA MAHMOOD AND NADIA JUMAAH'S CLAIMS UNDER THE ALIEN TORT CLAIMS ACT FOR WRONGFUL DEATH

44. The allegations in paragraphs 1, 2, 7-10, and 13-25 are hereby incorporated by reference.

45. 28 USC section 1350 affords a remedy when an alien brings an action for a tort committed in violation of the law of nations or a treaty of the United States.

46. Convention IV of the Geneva Convention, a treaty which was ratified by the United States and by Defendant prior to the incident in this case, affords civilians protection from

Page **7** of **10**
236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

attacks in war, combat and occupied zones, including where the civilian Plaintiffs were located during the attack.

47. The two Plaintiffs' decedents were acting in their capacity as civilian security officers at the time they were attacked.

48. Through its support of the Iraqi insurgents, who Defendant knows use such support for roadside IED attacks including the attacks in this case, the Defendant by its conduct has violated the Geneva Convention and/or other international law and norms.

49. The attack in this case affected important national security interests of the United States in Iraq.

50. The attack in this case was an intentional act, which was directed, controlled and/or aided and abetted by the Defendant.  The act was carried out with willful and wanton disregard for human life and safety.

51. The attack resulted in the wrongful deaths of the Plaintiffs' decedents.

52. As a result of the wrongful deaths, the decedents' estates and survivors have sustained damages.

53. The Defendant is therefore is liable to Plaintiffs for the decedents' wrongful deaths.  The attack violates the Geneva Convention and/or other international law and norms and is a serious violation of international law because it was in the form of an attack on civilians in a combat zone.

**WHEREFORE**, for the foregoing reasons, the Plaintiff hereby demands judgment against the Defendant for compensatory and punitive damages, interest, costs and such further relief as is just and proper.

## COUNT IV:  ALL PLAINTIFFS' CLAIMS UNDER THE ALIEN TORT CLAIMS ACT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

54. The allegations in paragraphs 1, 2, and 7-25 are hereby incorporated by reference.

55. 28 USC section 1350 affords a remedy when an alien brings an action for a tort committed in violation of the law of nations or a treaty of the United States.

56. Convention IV of the Geneva Convention, a treaty which was ratified by the United States and by Defendant prior to the incident in this case, affords civilians protection from attacks in war, combat and occupied zones, including where the civilian Plaintiffs were located during the attack.

57. The two surviving Plaintiffs and the two Plaintiffs' decedents were acting in their capacity as civilian security officers at the time they were attacked.

58. Through its support of the Iraqi insurgents, who Defendant knows use such support for roadside IED attacks including the attacks in this case, the Defendant by its conduct has violated the Geneva Convention and/or other international law and norms.

59. The attack in this case affected important national security interests of the United States in Iraq.

60. The attack in this case was an intentional act, which was directed, controlled and/or aided and abetted by the Defendant. The act was carried out with willful and wanton disregard for human life and safety.

61. The Defendant knew or should have known that emotional distress would result from the attack.

62. The Defendant's conduct was outrageous; that is, it went beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

63. The Defendants' conduct has caused the surviving Plaintiffs, their wives, as well as the decedents' widows and survivors to suffer severe emotional distress.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

**WHEREFORE**, for the foregoing reasons, the Plaintiffs hereby demand judgment against the Defendant for compensatory and punitive damages, interest, costs and such further relief as is just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs respectfully demand a jury trial on all issues triable by jury.

Dated: September 11, 2015.

> SILVA & SILVA, P.A.
> *Counsel for Plaintiffs*
> 236 Valencia Avenue
> Coral Gables, FL 33134
> Office: (305) 445-0011
> Fax: (305) 445-1181
> *Primary Email:* playne@silvasilva.com
> *Secondary Email:* vramos@silvasilva.com
>
> By: _____
> **Paul Jon Layne, Esq.**
> **Florida Bar No. 23558**

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com